# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

ORIGINAL

FILED
2020 DEC -7 PM 2:10

DEPUTY CLERK _____

Jacqueline N. Tanzy
**Plaintiff**

v. Chad F. Wolf, Acting Secretary
U.S. Department of Homeland Security
**Defendant**

3-20CV3579-N

Civil Action No. 450-2020-00037X

## COMPLAINT

I am filing this Civil Suit with the Northern District of Texas based on the Equal Employment Opportunity Commission (EEOC) Administrative Judge's (AJ) decision with finding no discrimination, as their final action, in the below matters

(1) My annual Performance Plan Appraisal was under rated -vs- based on the quality of work I performed, FY2018.

(2) My overtime during FY2018 was repeatedly declined causing me a loss of 40 hrs of OT benefits.

I believe my initial filing documentations will show evidence I was Disparately Treated & Disability Discriminated. Therefore, I ask this U.S. District Court to accept my complaint for consideration as a "de novo" review, and decision.
Thank You, Jacqueline Nicole Tanzy

*Attach additional pages as needed.

Date: October 25, 2020 / 12-06-2020
Signature: Jacqueline N. Tanzy / JN Tanzy
Print Name: Jacqueline N. Tanzy
Address: PO Box 542441
City, State, Zip: Grand Prairie, TX 75054
Telephone: 214-543-6783

Office for Civil Rights and Civil Liberties
U.S. **Department of Homeland Security**
Washington, DC 20528



Homeland Security

---

Jacqueline Tanzy,

    *Complainant*

v.

Chad F. Wolf, Acting Secretary,
U.S. Department of Homeland Security,

    *Agency*

Agency Case No. HS-CIS-00288-2019
EEOC Case No. 450-2020-00037X

## FINAL ORDER

Pursuant to 29 C.F.R § 1614.110(a), the U.S. Department of Homeland Security (Department), Office for Civil Rights and Civil Liberties (CRCL) hereby takes final action on the above-captioned complaint by issuing a Final Order.[1] Based upon a review of the entire evidentiary record, CRCL fully implements the Equal Employment Opportunity Commission (EEOC) Administrative Judge's (AJ) decision finding no discrimination, as the final action in this matter. Pursuant to 29 C.F.R. § 1614.110(a), a notice is attached to this Decision informing Complainant of the right to appeal to the EEOC or to file a civil action in Federal District Court. Also, a copy of EEOC Form 573 is attached for Complainant's submission to the EEOC's Office of Federal Operations, should Complainant decide to file an appeal.

### PROCEDURAL HISTORY

1. On November 6, 2018, Complainant initiated contact with an Equal Employment Opportunity (EEO) Counselor.

---

[1] Pursuant to the Homeland Security Act of 2002, *as amended*, 6 U.S.C. § 345, the Officer for Civil Rights and Civil Liberties (CRCL) shall ensure that the protection of civil rights and civil liberties is appropriately incorporated into Departmental programs and activities. On October 26, 2012, the Secretary for the Department issued Delegation Number 19003, which delegated to CRCL the authority to render final decisions on behalf of the Secretary in EEO complaints, pursuant to 29 C.F.R. § 1614.110, or administratively, when that regulation is not applicable.

2. On December 18, 2018, U.S. Citizenship and Immigration Services (USCIS) notified Complainant of the conclusion of EEO counseling and of her right to file a formal complaint.

3. On January 2, 2019, Complainant filed the formal complaint at issue.

4. On September 26, 2019, USCIS forwarded Complainant a copy of the Investigative File, and provided her with notice of her right to request a hearing before an EEOC AJ or, alternatively, to receive a Final Agency Decision (FAD).

5. On October 22, 2019, Complainant filed a request for a hearing before an EEOC AJ.

6. On August 6, 2020, an AJ from EEOC's Houston District Office issued a decision on the complaint without a hearing, pursuant to 29 C.F.R. § 1614.109(g). The AJ concluded Complainant failed to prove she was discriminated against as alleged.

7. On August 6, 2020, CRCL received the AJ's decision.

## CLAIMS AT ISSUE

Whether USCIS discriminated against Complainant based on physical disability (lumbar injury, carpel tunnel syndrome, shoulder pain) and reprisal (prior EEO activity), when:

1. On October 20, 2018, management denied Complainant's request for overtime.

2. On a date uncertain, management rated Complainant's Fiscal Year 2018 performance as "Achieved Expectations" (3.2).

## ANALYSIS

Initially, this Office finds that the AJ's issuance of a decision without a hearing was procedurally appropriate. *See Petty v. Dep't of Def.*, EEOC Appeal No. 01A24206 (July 11, 2003); *see also Murphy v. Dep't of the Army*, EEOC Appeal No. 01A04099 (July 11, 2003). Specifically, the AJ correctly determined an "appropriate factual record (i.e., one which contains all the information necessary to enable an accurate adjudication of the complaint on its merits)" had been developed. *Petty*, EEOC Appeal No. 01A24206. The AJ also ensured that the party opposing the ruling (*i.e.*, Complainant) was given: (1) ample notice of the proposal to issue a decision without a hearing; (2) a comprehensive statement of the allegedly undisputed material facts; (3) the opportunity to respond to such a statement; and (4) the chance to engage in discovery before responding, if necessary. *Petty*, EEOC Appeal No. 01A24206; *see also Administrative Judge Handbook, Chapter 5.*

Upon a complete review of the entire evidentiary record, this Office also finds that the AJ correctly issued a decision without a hearing because Complainant failed to establish genuine issues of fact on several elements essential to her case, and on which she bore the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Because the record did not

2

contain a genuine issue of material fact, this Office finds that a reasonable factfinder could not return a verdict for the party opposing summary judgment, and the Agency is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## CONCLUSION

Based upon the full evidentiary record, CRCL fully implements the AJ's decision. Since Complainant is not the prevailing party, she is not entitled to payment of attorney's fees, costs, or compensatory damages, and no corrective action is required.

_____                          _____September 8, 2020_____
For Veronica Venture                                                Date
Deputy Officer, Office for Civil Rights and Civil Liberties
Director for EEO & Diversity
Department of Homeland Security

JJS

3

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing on the date indicated below if sent via email or within five (5) calendar days after the date indicated below if sent by regular or certified mail. I certify that the foregoing final action, appeal rights, and appeal form were provided to the following:

Jacqueline Tanzy
608 Jutland Drive
Grand Prairie, TX 75052
*(Via Email:* Jacqueline.N.Tanzy@uscis.dhs.gov*)*

Teena Mathew Makil, Esq.
Office of the Chief Counsel
U.S. Citizenship and Immigration Service
*(Via Email:* teena.m.makil@uscis.dhs.gov*)*

Nancy E. Graham, Esq.
Administrative Judge
EEOC – New Orleans Field Office
*(Via Email:* nancy.graham@eeoc.gov*)*

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Office of Equal Opportunity and Inclusion
EEO Complaints Resolution Division
9360 Ensign Ave. South, Suite 151
Bloomington, MN 55438
*(Uploaded and Notified Via Email)*

_____                    ____September 9, 2020____
CRQL EEO Specialist                                             Date

JS 44 (Rev. 10/20) - TXND (Rev. 10/20)  **CIVIL COVER SHEET**   3-20CV3579-N

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Civil Case #450-2020-00037X

Jacqueline N. Tanzy

### DEFENDANTS
Chad F. Wolf, Acting Secretary, Dept Homeland Security, USCIS

**(b)** County of Residence of First Listed Plaintiff  **Dallas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **District of Columbia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED DEC - 7
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
N/A

Attorneys *(If Known)*
Unknown

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [X] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane — [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability — [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability — [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability — **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle — [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability — [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury — [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice — [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights — **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting — [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment — [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations — [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment — [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [X] 446 Amer. w/Disabilities - Other — **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education — [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Disability Discrimination and Disparate Treatment.

Brief description of cause:
1) Performance Plan Appraisal underrated; 2).RA filed 11-9-18/denied 8-1-19; RA filed 1-31-20/denied 2-18-20

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ N/A
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE  Pending Case
DOCKET NUMBER  450-2020-00037X

DATE
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE