IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACQUELINE N. TANZY, §<br>       Plaintiff, §<br> §<br>v. § Civil Action No. 3:20-CV-3579-N-BH<br> §<br>ALEJANDRO MAYORKAS, Secretary of §<br>Homeland Security, and §<br>U.S. DEPARTMENT OF HOMELAND §<br>SECURITY, §<br>       Defendants. § Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Defendants' Motion to Dismiss*, filed March 24, 2021 (doc. 15). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

Jacqueline N. Tanzy (Plaintiff), an employee of the United States Citizenship and Immigration Services (USCIS), sues Alejandro Mayorkas,[2] Secretary of Homeland Security (Secretary) and the United States Department of Homeland Security (DHS) (collectively Defendants), for disability discrimination. (doc. 3.) Her one-page complaint alleges that she was "disparately treated and disability discriminated," and that the following conduct amounts to discrimination:

> 1. My annual Performance Plan Appraisal was under rated –vs– based on the quality of work I performed, FY2018.
>
> 2. My overtime during FY2018 was repeatedly declined causing me a loss of 40hrs of O/T benefits.

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] At the time this lawsuit was filed, Chad R. Wolf was the Acting Secretary of the United States Department of Homeland Security, but Andrew Saul became the Secretary of Homeland Security on February 2, 2021, so he is automatically substituted as a party under Fed. R. Civ. P. 25(d).

(*Id.* at 1.)³ According to the decision of the DHS Office of Civil Rights and Civil Liberties (CRCL), which is attached to her complaint, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) on January 2, 2019, alleging employment discrimination "based on physical disability (lumbar injury, carpel tunnel syndrome, shoulder pain) and reprisal (prior EEO activity)." (*Id.* at 2-5.) She alleged that management denied her request for overtime on October 20, 2018, and rated her Fiscal Year 2018 performance as "Achieved Expectations." (*Id.*) On August 6, 2020, the Administrative Judge (AJ) issued a final decision without a hearing, concluding that Plaintiff had failed to prove that she had been discriminated against, as alleged in her EEO complaint. (*Id.*) She appealed the dismissal of her EEO complaint to the CRCL, which affirmed the AJ's final decision on September 8, 2020. (*Id.* at 3-4.)

Plaintiff filed this lawsuit on December 7, 2020. (*See* doc. 3.) On March 24, 2021, Defendants moved to dismiss it, but Plaintiff did not respond. (doc. 15.)

## II. RULE 12(b)(6)

Defendants move to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 15 at 9.)

**A.   Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that

---

³ Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

"*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

3

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss or in a response to a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007); *Walch v. Adjutant General's Dept. of Tex.*, 533 F.3d 289, 293–94 (5th Cir. 2008). If "matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents attached to a motion to dismiss or to a response to a motion to dismiss "are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003); *see Walch*, 533 F.3d at 293-94 (finding that reliance on documents attached to a response to a motion to dismiss was appropriate where the documents were "sufficiently referenced in the complaint"). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for

4

summary judgment.

Here, Plaintiff attached a copy of the CRCL's decision to her complaint. (doc. 1 at 2-5.) Because this document is attached to her complaint and is also a matter of public record, it is considered part of the pleadings. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Collins*, 224 F.3d at 498; *see also Hawkins v. AT&T*, No. 3:12-CV-1173-L, 2013 WL 4505154, at *3 (N.D. Tex. Aug. 23, 2013) ("Documents contained in a Title VII administrative record are public records for which the court can take judicial notice and consider in a motion to dismiss."). Accordingly, it is unnecessary to convert the motion to dismiss into a summary judgment motion.

**B.     Proper Party Defendant**

Defendants argue that the claims against DHS should be dismissed, as it is not the proper defendant in a Rehabilitation Act[4] case. (doc. 15 at 9-10.)

The proper defendant in a Rehabilitation Act action by a federal employee is the "head of the department, agency, or unit, as appropriate." *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) (quoting 42 U.S.C. § 2000e-16(c)); *see* 29 U.S.C. § 794a(a)(1) (making the procedures in 42 U.S.C. § 2000e-16(c) applicable to the Rehabilitation Act). As the head of DHS, Secretary, in his official capacity, is the only proper defendant in this employment discrimination action. Accordingly, Plaintiff's claims against DHS should be dismissed. *See Mills v. U.S. Dep't of Homeland Sec.*, No. 4:13-CV-352-A, 2013 WL 3356417, at *1 (N.D. Tex. July 3, 2013) (dismissing employment claims against DHS, while maintaining the action against Secretary of DHS).

**C.     Failure to State a Claim**

---

[4]Although Plaintiff does not identify the federal statute that she is suing under, Defendants consider her disability discrimination claims to have been asserted under the Rehabilitation Act. (docs. 3 at 1; 20 at 6.) The Rehabilitation Act provides "the exclusive remedy for a federal employee alleging disability-based discrimination." *Dark v. Potter*, 293 F. App'x. 254, 258 (5th Cir. 2008).

5

Defendants argue that Plaintiff's complaint should be dismissed because she fails to allege sufficient facts to demonstrate that she suffered an adverse employment action. (doc. 15 at 10.)

The Rehabilitation Act provides, in relevant part, that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794(a). To make a prima facie case of discrimination under the Rehabilitation Act, a plaintiff must demonstrate that (1) she has a disability; (2) she was qualified for her job; (3) she worked for a program or activity receiving federal financial assistance; and (4) an adverse employment decision was made solely by reason of her disability. *See* 29 U.S.C. § 794(a); *Chandler v. City of Dallas*, 2 F.3d 1385, 1390 (5th Cir. 1993).[5] While a plaintiff's complaint need not plead a prima facie case of discrimination in the motion to dismiss context, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim, *Puente v. Ridge*, 324 F. App'x 423, 428 (5th Cir. 2009) (citation omitted). *See Dark*, 293 F. App'x at 258 (explaining that courts properly consider the prima facie elements of discrimination under the Rehabilitation Act when evaluating the sufficiency of a complaint at the motion to dismiss stage). The ordinary rules for assessing the sufficiency of a complaint apply. *Swierkiewicz*, 534 U.S. at 511.

An adverse action necessary to state a prima facie case of discrimination includes "only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or

---

[5]Discrimination claims brought under the Rehabilitation Act are governed by the standards applicable under Title I of the Americans with Disabilities Act (ADA). *See Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 574 (5th Cir. 2002) ("The language in the ADA generally tracks the language set forth in the [Rehabilitation Act]," and "[j]urisprudence interpreting either section is applicable to both.").

compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007); *see also McKay v. Johanns*, 265 F. App'x 267, 269 (5th Cir. 2008) (applying the same definition of "adverse employment action" to discrimination claims under the Rehabilitation Act). "[A]n employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004) (quoting *Banks v. E. Baton Rouge Par. Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003)).

### 1. *Low Performance Review*

Defendants argue that a lower-than-expected performance review is not an adverse employment action for purposes of a claim of employment discrimination. (doc. 15 at 12.)

An adverse employment action does not include decisions made by an employer that merely limit an employee's opportunities for promotion but do not affect her job duties, compensation, or benefits. *Banks*, 320 F.3d at 575. The Fifth Circuit has long recognized that a negative performance evaluation, alone or even accompanied by an employee's placement on a performance improvement plan, does not rise to the level of an ultimate employment decision. *See Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708 (5th Cir. 1997), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *Douglas v. DynMcdermott Petroleum Operations, Co.*, 144 F.3d 364, 373 n.11 (5th Cir. 1998) (holding that low performance ratings are not considered adverse employment actions); *Price v. Wheeler*, 834 F. App'x 849, 856 (5th Cir. 2020) ("Receiving a low performance evaluation does not alone constitute an adverse employment action."); *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 824 (5th Cir. 2019) ("An employer's decision to place an employee on a performance improvement plan is not an adverse employment action.").

Here, Plaintiff alleges that her annual Performance Plan Appraisal for Fiscal Year 2018 was

7

"underrated" based on the quality of work she had performed. (doc. 3 at 1.) Because Plaintiff's "underrated" Performance Plan Appraisal for 2018 is not an adverse employment action for purposes of discrimination under the Rehabilitation Act, her claim relating to the 2018 appraisal should be dismissed for failure to state a claim. *See Mattern*, 104 F.3d at 708; *see also Young v. Dallas Indep. Sch. Dist.*, No. 3:16-CV-543-N-BF, 2017 WL 4326009, at *3 (N.D. Tex. Sept. 6, 2017), *adopted by* 2017 WL 4326091 (N.D. Tex. Sept. 27, 2017) ("Disciplinary warnings and negative performance evaluations do not constitute actionable adverse employment actions."); *Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2008 WL 5220569, at *5 (N.D. Tex. Dec. 12, 2008), *aff'd by* 670 F.3d 644 (5th Cir. 2012) ("[D]isciplinary warnings and negative performance evaluations do not constitute adverse employment actions because they have only a tangential effect, if any, on ultimate employment decisions.").

### 2. *Denial of Overtime*

Defendants argue that Plaintiff's denied request for overtime does not constitute an adverse employment action to support a claim of employment discrimination. (doc. 15 at 14.)

There is "no precedential authority in [the Fifth Circuit] establishing whether a denial of overtime constitutes an adverse employment action." *Brooks v. Firestone Polymers, L.L.C.*, 640 F. App'x 393, 397 (5th Cir. 2016). Nevertheless, the Fifth Circuit has found that "[t]he denial of overtime opportunities may, under certain circumstances, constitute an adverse employment action." *Ryerson v. Berryhill*, No. 3:15-CV-3509-S-BK, 2018 WL 4103433, at *9 (N.D. Tex. Aug. 2, 2018), *adopted by* 2018 WL 4101842 (N.D. Tex. Aug. 28, 2018), *aff'd by* 772 F. App'x 102 (5th Cir. 2019) (citing *id.* at 397-98); *compare Johnson v. Manpower Pro. Servs., Inc.*, 442 F. App'x 977, 982 (5th Cir. 2011) (holding that denial of overtime pay was an adverse employment action because it related

to the employee's compensation), *with Hart v. Life Care Ctr. of Plano*, 243 F. App'x 816, 818 (5th Cir. 2007) (holding that a one-time denial of overtime did not rise to the level of an adverse employment action); *see also Benford v. Milwaukee Elec. Tool Corp.*, No. 4:19-CV-179-DMB-JMV, 2021 WL 735642, at *6 n.8 (N.D. Miss. Feb. 25, 2021) ("Other circuits have concluded that a loss of overtime opportunities may satisfy the adversity requirement but only if the loss is sufficiently adverse.") (collecting cases).

Here, Plaintiff's complaint generally alleges that her overtime requests were "repeatedly denied" in 2018, resulting in a loss of 40 hours of overtime benefits. (doc. 3 at 1.) Her bare assertion that she was denied overtime is not enough to show a sufficiently adverse action, however. While the attached EEO complaint refers to a specific request for overtime that was denied on October 20, 2018 (doc. 3 at 3), courts in this circuit have generally found that the denial of a single overtime request does not rise to the level of an adverse employment action. *See Hart*, 243 F. App'x at 818 (5th Cir. 2007) (finding one-time denial of overtime is not an adverse employment action); *Belmear v. Mary Kay Inc.*, No. 3:98-CV-1389-D, 2000 WL 127282, at *5 (N.D. Tex. Feb. 3, 2000) (same); *Waters v. City of Dallas*, No. 3:11-CV-0540-K, 2012 WL 5363426, at *9 (N.D. Tex. Nov. 1, 2012) (same); *see also Benford*, 2021 WL 735642, at *6 n.8 (concluding that "for a loss in overtime opportunities to be an adverse employment action, such loss must result in more than a de minimis loss in pay"). Accordingly, Plaintiff's claim based on the denial of overtime should be dismissed.

### III. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*,

No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). When a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff nevertheless cannot ... amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims*, 2001 WL 627600, at *2-*3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

Even though Plaintiff has failed to respond to Defendants' motion to dismiss, and she submitted answers in response to a magistrate judge's questionnaire which constitute an amendment to her complaint, it does not appear that she has pled her best case with regard to her overtime claim. She should therefore be accorded an opportunity to amend her complaint to sufficiently state a claim for relief based on the denial of overtime.

## IV. RECOMMENDATION

If Plaintiff does not file an amended complaint within the 14 days allotted for objections to this recommendation, or a deadline otherwise set by the Court, Defendants' motion to dismiss should be **GRANTED**, and all claims should be **DISMISSED with prejudice** for failure to state a claim.

If Plaintiff timely files an amended complaint, however, the motion to dismiss should be **GRANTED in part**, the claims against DHS should be **DISMISSED with prejudice**, the claim based on the performance evaluation should be **DISMISSED with prejudice**, the remainder of the motion should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

**SO RECOMMENDED** on this 30th day of September, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE