IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELINE N. TANZY, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:20-CV- 3579-N-BH |
| | § | |
| CHAD R. WOLF, Acting Secretary, | § | |
| DHS, USCIS, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the plaintiff's *Bill of Costs*, filed on March 30, 2022 (doc. 36). Based on the relevant filings and applicable law, her request for costs is **DENIED**.

On December 7, 2020, Jacqueline N. Tanzy (Plaintiff), an employee of the United States Citizenship and Immigration Services (USCIS), sued Alejandro Mayorkas,[2] Secretary of Homeland Security (Secretary) and the United States Department of Homeland Security (DHS) (collectively Defendants), for disability discrimination. (*See* doc. 3.) It was recommended on September 30, 2021, that Defendants' motion for failure to state a claim be granted, but that Plaintiff be given an opportunity to file an amended complaint. (*See* docs. 15, 19.) After multiple continuances, she finally responded to the recommendation on February 8, 2022, but did not file an amended complaint. (*See* docs. 22, 24, 26, 28, 30, 31.) The recommendation for dismissal was accepted, and by judgment entered on March 22, 2022, all of her claims against Defendants were dismissed with prejudice, and costs were assessed against her. (*See* docs. 32, 33.)

On March 30, 2022, Plaintiff filed a bill of costs seeking to recover $423.30 for filing fees and

---

[1]By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.

[2]At the time this lawsuit was filed, Chad R. Wolf was the Acting Secretary of the United States Department of Homeland Security, but Andrew Saul became the Secretary of Homeland Security on February 2, 2021, so he is automatically substituted as a party under Fed. R. Civ. P. 25(d).

the costs of service of summons.  (*See* doc. 36.)  Defendants objected on March 31, 2022, contending that she was not entitled to costs because she is not the prevailing party.  (*See* doc. 37.)

Under Rule 54 of the Federal Rules of Civil Procedure, a prevailing party in a civil action is entitled to recover its costs unless otherwise directed by a court or statute.  Fed. R. Civ. P. 54(d)(1).  There is "a strong presumption that the prevailing party will be awarded costs."  *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)).  This presumption is rebuttable, however, and the district court retains the discretion not to award costs.  *See United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 539 (5th Cir. 1987).

In this case, Plaintiff is not the prevailing party.  All of her claims against Defendants were dismissed with prejudice for failure to state a claim, and costs were assessed against her.  She is therefore not entitled to costs, and her request for taxable costs is denied.

**SO ORDERED** on this 29th day of April, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE